**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| Bridgett Moses Rucker, <br><br>                 Plaintiff, <br><br><br><br><br>     -v.- <br> Equifax Information Services, LLC; <br> Texas La Fiesta Auto Sales LLC; <br> and Capital One Bank USA, NA. <br><br>                Defendant(s). | Civil Action No: 5:19-cv-682 <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Bridgett Moses Rucker (hereinafter, "Plaintiff"), brings this Complaint by and through her attorneys, Stein Saks, PLLC, against Defendant Equifax Information Services, LLC ("Equifax"), Defendant Texas La Fiesta Auto Sales LLC ("La Fiesta") and Defendant Capital One Bank USA NA ("Capital One"), respectfully sets forth, complains, and alleges, upon information and belief, the following:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1681p *et seq.*

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

3. Plaintiff brings this action for damages arising from the Defendant's violations of 15 U.S.C. § 1681 *et seq*., commonly known as the Fair Credit Reporting Act ("FCRA").

## PARTIES

4. Plaintiff is a resident of the State of Texas, County of Bexar, residing at 11330 Estufa Cyn, San Antonio, TX 78245.

5. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

6. Defendant Equifax Information Services, LLC is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Defendant Equifax is a Georgia corporation registered to do business in the State of Texas, and may be served with process upon Corporation Service Company its registered agent for service of process at 211 East 7th Street, Ste 620, Austin, TX, 78701.

7. At all times material hereto, Equifax is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

8. At all times material hereto, Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

9. Defendant La Fiesta is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2 with an address of 1415 W Bitters Rd., San Antonio, TX 78248-1354 and an address for service c/o its registered agent Patricia Tubbs, at 1245 N Sheperd Dr, Houston, TX 77008-6532.

10. Defendant Capital One is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2 with an address of 4581 Cox Road, Glen Allen VA 23060 and an address for service c/o Corporation Service Company, 100 Shockoe Slip, 2nd Floor, Richmond VA 23219, Richmond City.

## FACTUAL ALLEGATIONS

11. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

### La Fiesta Dispute and Violation

12. On information and belief, on a date better known to Defendant Equifax, Equifax prepared and issued credit reports concerning the Plaintiff that included inaccurate information relating to her La Fiesta car loan.

13. The inaccurate information furnished by Defendant La Fiesta and published by Defendant Equifax is inaccurate since the credit reports fails to indicate the many months in which Plaintiff paid on time, thereby suppressing the positive credit information that Plaintiff is entitled to as well as listing late notations for months Plaintiff's states she paid.

14. Defendants have been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to various persons and credit grantors, both known and unknown.

15. Plaintiff notified Equifax that she disputed the accuracy of the information Equifax was reporting, on or around September 27, 2018.

16. It is believed and therefore averred that Defendant Equifax notified Defendant La Fiesta of Plaintiff's dispute.

17. Upon receipt of the dispute of the account from the Plaintiff by Equifax, La Fiesta failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed account, including continuing to omit the months in which Plaintiff paid on time.

18. Additionally, La Fiesta failed to mark the account as disputed, despite the requirement to do so once notified of the Plaintiff's dispute.

19. Despite the dispute by the Plaintiff that the information on her consumer report was inaccurate with respect to the dispute account, Equifax did not evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

20. Defendant Equifax failed to send the Plaintiff a response to his dispute.

21. Notwithstanding Plaintiff's efforts, Defendant Equifax continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

22. As of the date of the filing of the filing of this Complaint, Defendant Equifax continues to furnish credit data which is inaccurate and materially misleading, and Defendant Equifax's reporting of the above-referenced trade line continues to be inaccurate and materially misleading.

23. Defendants' erroneous reporting continues to affect Plaintiff's creditworthiness and credit score.

24. As a result of Defendants' conduct, Plaintiff has suffered a decreased credit score as a result of the inaccurate information on Plaintiff's credit file.

Capital One Dispute and Violation

25. On information and belief, on a date better known to Defendant Equifax, Equifax prepared and issued credit reports concerning the Plaintiff that included inaccurate information relating to her Capital One account.

26. The inaccurate information furnished by Defendant Capital One and published by Defendant Equifax is inaccurate since the account is reported as a current liability in a status of "Charge Off," when the account is actually closed and been paid by the Plaintiff.

27. Defendants have been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to various persons and credit grantors, both known and unknown.

28. Plaintiff notified Equifax that she disputed the accuracy of the information Equifax was reporting, on or around September 27, 2018.

29. It is believed and therefore averred that Defendant Equifax notified Defendant Capital One of Plaintiff's dispute.

30. Upon receipt of the dispute of the account from the Plaintiff by Equifax, Capital One failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed account, including continuing to report this as an open account.

31. Additionally, Capital One failed to mark the account as disputed, despite being required to do so.

32. Despite the dispute by the Plaintiff that the information on her consumer report was inaccurate with respect to the dispute account, Equifax did not evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

33. Defendant Equifax sent Plaintiff correspondence indicating its intent to continue publishing the inaccurate information, while including a disputed notation.

34. Notwithstanding Plaintiff's efforts, Defendant Equifax continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors without this disputed notation.

35. As of the date of the filing of the filing of this Complaint, Defendant Equifax continues to furnish credit data which is inaccurate and materially misleading, and Defendant Equifax's reporting of the above-referenced trade line continues to be inaccurate and materially misleading.

36. Defendants' erroneous reporting continues to affect Plaintiff's creditworthiness and credit score.

37. As a result of Defendants' conduct, Plaintiff has suffered a decreased credit score as a result of the inaccurate information on Plaintiff's credit file.


**FIRST CAUSE OF ACTION**

**(Willful Violation of the FCRA as to Equifax)**

38. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

39. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.,

40. Equifax violated 15 U.S.C. § 1601(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Equifax maintained concerning the Plaintiff.

41. Equifax has willfully and recklessly failed to comply with the Act. The failure of Equifax to comply with the Act include but are not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

   c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

   d) The failure to promptly and adequately investigate information which Defendant Equifax had notice was inaccurate;

   e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

   f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

   g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

h)  The failure to take adequate steps  to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

42. As a result of the conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

43. The conduct, action and inaction of Equifax was willful rendering Equifax liable for actual, statutory and punitive damages in an amount to be determined by a Judge/ and or Jury pursuant to 15 U.S.C. § 1681(n).

44. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

WHEREFORE, Plaintiff, Bridgett Moses Rucker, an individual, demands judgment in her favor against Defendant, Equifax, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).


## SECOND CAUSE OF ACTION

### (Negligent Violation of the FCRA as to Equifax)

45. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

46. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*,

47. Equifax violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

48. Equifax has negligently failed to comply with the Act. The failure of Equifax to comply with the Act include but are not necessarily limited to the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

    c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    d) The failure to promptly and adequately investigate information which Defendant Equifax had notice was inaccurate;

    e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

    f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

    g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

    h) The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

49. As a result of the conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

50. The conduct, action and inaction of Equifax was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

51. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n) and 1681o.

WHEREFORE, Plaintiff, Bridgett Moses Rucker, an individual, demands judgment in her favor against Defendant, Equifax, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## THIRD CAUSE OF ACTION

### (Willful Violation of the FCRA as to Defendant La Fiesta)

52. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

53. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.,

54. Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

55. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

56. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above listed above must report the results to other agencies which were supplied such information.

57. Defendant La Fiesta violated 15 U.S.C. § 1681s2-b by the publishing of the Account Liability Representation; by failing to fully and improperly investigate the dispute of the Plaintiff with respect to the Account Liability Representation; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

58. Specifically, Defendant La Fiesta continued to report this account with false negative information and lacking positive months in which Plaintiff paid on time.

59. Additionally, Defendant La Fiesta failed to mark the account with a disputed notation, despite receiving the dispute letter.

60. As a result of the conduct, action and inaction of the Defendant La Fiesta, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

61. The conduct, action and inaction of Defendant La Fiesta was willful, rendering Defendant La Fiesta liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1601(n).

62. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant La Fiesta in an amount to be determined by the Court pursuant to 15 U.S.C. § 1601(n).

WHEREFORE, Plaintiff, Bridgett Moses Rucker, an individual, demands judgment in her favor against Defendant La Fiesta for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## <u>FOURTH CAUSE OF ACTION</u>

### (Negligent Violation of the FCRA as to Defendant La Fiesta)

63. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

64. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*,

65. Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

66. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

67. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above named Defendant must report the results to other agencies which were supplied such information.

68. Defendant La Fiesta is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s2-b.

69. After receiving the Dispute Notice from Equifax, Defendant La Fiesta negligently failed to conduct its reinvestigation in good faith.

70. A reasonable investigation would require a furnisher such as Defendant La Fiesta to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

71. Additionally, the Defendant La Fiesta failed to mark the account as disputed after receiving the dispute letter.

72. The conduct, action and inaction of Defendant La Fiesta was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

73. As a result of the conduct, action and inaction of the Defendant La Fiesta, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

74. The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Defendant La Fiesta in an amount to be determined by the Court pursuant to 15 U.S.C. § 1601(n) and 1681o.

WHEREFORE, Plaintiff, Bridgett Moses Rucker, an individual, demands judgment in her favor against Defendant La Fiesta, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## FIFTH CAUSE OF ACTION

### (Willful Violation of the FCRA as to Defendant Capital One)

75. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

76. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.,

77. Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

78. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The

furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

79. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above listed above must report the results to other agencies which were supplied such information.

80. Defendant Capital One violated 15 U.S.C. § 1681s2-b by the publishing of the Account Liability Representation; by failing to fully and improperly investigate the dispute of the Plaintiff with respect to the Account Liability Representation; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

81. Specifically, Defendant Capital One continued to report to the credit bureaus that this was a current open liability despite Plaintiff having resolved the balance.

82. Additionally, Defendant Capital One failed to mark the account with a disputed notation, despite receiving the dispute letter.

83. As a result of the conduct, action and inaction of the Defendant Capital One, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

84. The conduct, action and inaction of Defendant Capital One was willful, rendering Defendant Capital One liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1601(n).

85. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant La Fiesta in an amount to be determined by the Court pursuant to 15 U.S.C. § 1601(n).

WHEREFORE, Plaintiff, Bridgett Moses Rucker, an individual, demands judgment in her favor against Defendant Capital One for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## SIXTH CAUSE OF ACTION

### (Negligent Violation of the FCRA as to Defendant Capital One)

86. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

87. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*,

88. Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

89. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

90. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above-named Defendant must report the results to other agencies which were supplied such information.

91. Defendant Capital One is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s2-b.

92. After receiving the Dispute Notice from Equifax, Defendant Capital One negligently failed to conduct its reinvestigation in good faith.

93. A reasonable investigation would require a furnisher such as Defendant Capital One to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

94. Specifically, Defendant Capital One continued to report to the credit bureaus that this was a current open liability.

95. Additionally, the Defendant Capital One failed to mark the account as disputed after receiving the dispute letter.

96. The conduct, action and inaction of Defendant Capital One was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

97. As a result of the conduct, action and inaction of the Defendant Capital One, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

98. The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Defendant Capital One in an amount to be determined by the Court pursuant to 15 U.S.C. § 1601(n) and 1681o.

WHEREFORE, Plaintiff, Bridgett Moses Rucker, an individual, demands judgment in her favor against Defendant Capital One, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## DEMAND FOR TRIAL BY JURY

99. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues

this complaint to which Plaintiff is or may be entitled to a jury trial.


## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the each Defendant as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for

each negligent violation as alleged herein;

b) For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c) For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

d) For Statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e) For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

f) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3), 15

U.S.C. § 1681o(a)(2) and 15 U.S.C. § 1640(a)(3);

g) For any such other and further relief, as well as further costs, expenses and

disbursements of this action as this Court may deem just and proper.


Dated:  June 14, 2019                          Respectfully Submitted,

**STEIN SAKS, PLLC**

*/s/ Yaakov Saks*
Yaakov Saks, Esq.
285 Passaic Street
Hackensack, NJ 07601
Tel:  201-282-6500
ysaks@steinsakslegal.com